HUBERT TAYLOR, Judge.
Appellant, Stanley Ogle, was convicted of the possession of a controlled substance and sentenced to four years in the penitentiary. Two issues are raised on appeal.
First, Ogle contends that there was no probable cause for the issuance of the search warrant for his home. The affidavit accompanying the search warrant reads, “A reliable informant who has proven to be reliable in the past stated to the affiant that he has seen on said premises within the past twenty-four hours a quantity of marijuana contary [sic] to law.”
In Illinois v. Gates, — U.S. -, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983), the Court adopted the totality of the circumstances test and said, “[E]ven if we entertain some doubt as to an informant’s motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitled his tip to greater weight than might otherwise be the case.” In the case sub judice, the record indicates that the affiant orally gave the issuing judge additional information, namely, that Ogle was known through surveillance to be a drug dealer and that large numbers of drug users had been seen going to and coming from his house.
Under the circumstances, we cannot say that the State has failed to establish probable cause under the new liberal standards established by Gates, supra.
Ogle next contends that his confession was involuntary and should not have been admitted. A summary of the facts follows. Ogle, his wife, and a friend had been arrested and placed in the back of a patrol car. Apparently, Ogle was in some discomfort or pain due to the tightness of his handcuffs and, additionally, at some point during the raid, he had urinated on himself. After staying in the patrol car for about thirty minutes, Ogle asked one of the officers why his wife was being arrested. The officer told him that she had been arrested because she was both present and a legal resident of the place where the marijuana was found. Ogle told the officer that the contraband was his and that his wife knew nothing about it. The officer asked Ogle if he wanted to sign a statement to that effect. Ogle answered in the affirmative. Before the statement was given, the police officer advised Ogle of his Miranda rights.
Appellant now claims that he was induced into making the statement because of the implied promise by the officer that his wife would be released if the statement was signed. He cites Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). That case, however, is distinguishable because there the officer was threatening to take the wife into custody to get a confession. In our case, the wife was legally in custody and Ogle initiated the conversation with the officer. The statement given by Ogle was not in response to questioning by police officers and was, therefore, voluntary.
We find no error. The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.